**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| TONY DRAKE,                    )<br>                                            )<br>          Plaintiff              )<br>                                            )   **Case No.:**<br>     v.                              )<br>                                            )   **COMPLAINT AND DEMAND FOR**<br>CORE HOME SECURITY,   )   **JURY TRIAL**<br>                                            )<br>          Defendant          )<br>                                            ) | |

## COMPLAINT

TONY DRAKE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against CORE HOME SECURITY ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## JURISDICTION AND VENUE

2. Plaintiff's claim in this lawsuit is predicated on a federal statute. As such, federal jurisdiction exists pursuant to 28 USC 1331.

3. Defendant maintains its headquarters in the State of Florida and conducts business in the State of Florida, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Inman, South Carolina.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the FCRA.

7. Defendant is a corporation with its principal place of business located at 949A Clint Moore Rd., Boca Raton, FL 33487-2802

8. Defendant is a "person" as that term is defined by 15 U.S.C. § 1681a(b) of the FCRA.

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

10. In or before the summer of 2020, Defendant Core Home solicited business from Plaintiff.

11. In connection with its efforts to solicit business from Plaintiff, Defendant called Plaintiff and encouraged him Plaintiff to purchase a home security system.

12. Ultimately, Plaintiff declined to purchase a home security system from Defendant.

13. Plaintiff never provided Defendant with any application for financing or credit.

14. Plaintiff never provided any authorization to Defendant to access his consumer report.

15. Defendant did not issue any "firm offer" of credit to Plaintiff.

16. On or around September 25, 2020, when Plaintiff reviewed his Trans Union consumer report, he was alarmed to see two "account review inquiries" from Core Home Security, LLC dated September 17, 2020 and September 18, 2020.  (A true and correct copy of redacted excerpts from Mr. Drake's September 2020 Trans Union report is attached as Exhibit "A.")

17. Defendant had no permissible purpose to access Plaintiff's consumer report.

18. Defendant knew or should have known it did not have any permissible purpose to access Plaintiff's consumer report.

19. As a result of the foregoing, Plaintiff suffered stress and anxiety associated with the invasion of privacy by Defendant.

20. Defendant acted willfully and intentionally in a way that violated a consumer's rights.

## COUNT I
## **DEFENDANT VIOLATED § 1681b(f)) OF THE FCRA**

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto Core Home was a "person" as that term defined by 15 U.S.C. § 1681a(b).

23. Defendant Core Home violated the FCRA when it accessed Plaintiff's consumer report without a permissible purpose.

24. Core Home knew it did not have a permissible purpose of access Plaintiff's consumer report.

25. Accordingly, Defendant's unlawful acts were willful.

26. As a result of the foregoing, Plaintiff suffered stress and anxiety associated with an invasion of privacy.

27. Defendant's conduct was in violation of the FCRA.  As a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TONY DRAKE, respectfully prays for a judgment as follows:

a. Statutory damages of $1,000.00 per unlawful act pursuant to 15 U.S.C. § 1681n(a)(1)of the FCRA;

b. Statutory damages of $1,000.00 per unlawful act pursuant to 15 U.S.C. § 1681n(b) of the FCRA;

c. Punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n(a)(2)of the FCRA;

d. All actual damages suffered pursuant to 15 U.S.C. § 1681n(a) and /or § 1681n(b) of the FCRA;

e. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(c) of the FCRA;

f. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TONY DRAKE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date:   By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com